## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

**Dexter Alan Brunson**                                                                         **Plaintiff**

**v.**                            **No. 5:14-CV–00425-SWW-JTR**

**Carolyn W. Colvin, Acting Commissioner,**
**Social Security Administration**                                              **Defendant**

### Recommended Disposition

### Instructions

The following recommended disposition was prepared for U.S. District Judge Susan Webber Wright.  A party to this dispute may file written objections to this recommendation.  An objection must be specific and state the factual and/or legal basis for the objection.  An objection to a factual finding must identify the finding and the evidence supporting the objection.  Objections must be filed with the clerk of the court no later than 14 days from the date of this recommendation.[1]  The objecting party must serve the opposing party with a copy of an objection.  Failing to object within 14 days waives the right to appeal questions of fact.[2]  If no objections are filed, Judge Wright may adopt the recommended disposition without independently reviewing all of the record evidence.

---

[1]28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[2]*Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (failure to file objections waives right to de novo review and to appeal magistrate judge's findings of fact).

## Reasoning for Recommended Disposition

Dexter Alan Brunson seeks judicial review of the order dismissing his request for a hearing[3] for his third application for disability insurance benefits (DIB).[4]  In the third decision, Brunson alleged he was disabled beginning January 5, 2003.[5]  The Commissioner's ALJ dismissed the request for a hearing based on res judicata, effectively denying the third application.

Brunson sought review from the Commissioner's Appeals Council.[6]  After the Appeals Council denied review,[7] the order became a final decision for the purpose of judicial review.[8]   Brunson filed this case to challenge the order.[9]   This recommendation explains why the court should affirm the order.

**Applicable legal principles**.  To receive DIB, a claimant must show he was

---

[3]SSA record at p. 21 (Oct. 22, 2012 request for hearing).

[4]*Id*. at p. 19 (Dec. 12, 2012 dismissal order).

[5]*Id*.

[6]*Id*. at p. 15.

[7]*Id*. at p. 5.

[8]*See Anderson v. Sullivan*, 959 F.2d 690, 692 (8th Cir. 1992) (stating that "the Social Security Act precludes general federal subject matter jurisdiction until administrative remedies have been exhausted" and explaining that the Commissioner's appeal procedure permits claimants to appeal only final decisions).

[9]Docket entry # 1.

disabled before insured status expires.[10]  If a claimant applies for DIB "based on the same facts and issues the Commissioner previously found to be insufficient to prove [he] was disabled," the claim is barred by res judicata.[11]  When the claimant seeks judicial review of a decision denying DIB, the court must determine whether substantial evidence supports the decision and whether the ALJ made a legal error.[12]

**Res judicata bars the third application**.  Brunson's first and second applications provide the relevant facts for the application of res judicata.  In the first application, Brunson alleged he was disabled beginning January 8, 1994.[13]  The Commissioner's ALJ denied the application on June 3, 2006.  The ALJ determined Brunson was not disabled between January 8, 1994 and June 3, 2006.  Because Brunson did not seek review, the decision foreclosed eligibility for DIB from January

---

[10]42 U.S.C. §§ 416(i), 423(c).  "In order to receive disability insurance benefits, an applicant must establish that she was disabled before the expiration of her insured status."  *Pyland v. Apfel*, 149 F.3d 873, 877 (8th Cir. 1998).

[11]*Hillier v. SSA*, 486 F.3d 359, 364 (8th Cir. 2007).

[12]*See* 42 U.S.C. § 405(g) (requiring the district court to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner conformed with applicable regulations); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) ("We will uphold the Commissioner's decision to deny an applicant disability benefits if the decision is not based on legal error and if there is substantial evidence in the record as a whole to support the conclusion that the claimant was not disabled.").

[13]SSA record at pp. 19 & 85.

3

8, 1994 and June 3, 2006.

Brunson based his onset date for the second application on the denial of the first application; he alleged disability June 4, 2006.[14]  The ALJ denied the application, determining Brunson was not disabled between June 4, 2006 and September 30, 2006.[15]  The latter date is dispositive of the third application because insured status expired on September 30, 2006.[16]

Brunson asked the Appeals Council to review the decision denying the second application.[17]  When the Appeals Council denied review,[18] the decision became a final decision for the purpose of judicial review.  Brunson twice asked for additional time to seek judicial review,[19] but he never filed a civil complaint.  Failing to file a civil complaint foreclosed review of the decision and eligibility for DIB because Brunson is no longer insured.

The foregoing events barred the third application.  On March 13, 2012, Brunson

---

[14]*Id.* at pp. 79-80 (applying on June 9, 2008 and alleging disability beginning June 3, 2006).

[15]*Id.* at p. 41.

[16]*Id.* at pp. 32, 93 & 300.

[17]*Id.* at p. 43.

[18]*Id.* at p. 44.

[19]*Id.* at pp. 25 & 27.

filed the third application and alleged disability beginning January 5, 2003; that is, he alleged he was disabled before insured status expired.  The ALJ properly observed that Brunson's claim addressed the same facts and issues as the second application — whether Brunson was disabled before insured status expired — and that there was no new and material evidence.  Thus, res judicata applied.

In his pleadings,[20] Brunson challenges the decision denying the second application, but the time for seeking judicial review has passed. He claims the record for the second application omitted treatment records from various veterans treatment facilities, but the record contains treatment records for the time period for which benefits were denied.  Records preceding and following the time period for which benefits were denied lack probative value.

## Conclusion and Recommended Disposition

The ALJ properly dismissed the request for a hearing because res judicata bars the third application.  For this reason, the undersigned magistrate judge recommends DENYING Brunson's request for relief (docket entry # 2) and AFFIRMING the Commissioner's dismissal order.

---

[20]Docket entry #s 2 & 17.

Dated this 30th day of November, 2015.

_____
United States Magistrate Judge